IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

ROBERT WILLIAM WATKINS,

   Defendant.

CRIMINAL ACTION FILE

No. 2:23-CR-00005-SCJ-JCF

## ORDER

The matter is before the Court on the January 11, 2024 Report and Recommendation ("R&R") issued by the Honorable J. Clay Fuller, United States Magistrate Judge. Doc. No. [34]. In the R&R, Judge Fuller recommended that Defendant's Motions to Dismiss (Docs. No. [24]; [25]) and Motion to Suppress (Doc. No. [27]) be denied. Defendant objected to the R&R (Doc. No. [37]), and the matter is ripe for review.

## I.    BACKGROUND

The R&R provides the relevant factual and procedural background (Doc. No. [34], ), and the Court does not reiterate it here. In the R&R, Judge

Fuller recommended that Defendant's Motions to Dismiss (Doc. Nos. [24]; [25]) and Motion to Suppress  (Doc. No. [27]) be denied.

In an Indictment filed on March 7, 2023, Defendant was charged with three counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Doc. No. [1]. Defendant challenges the sufficiency of the Indictment and the constitutionality § 2251(a).

Addressing Defendant's challenge to the sufficiency of the Indictment, Judge Fuller found "that the Indictment is legally sufficient because it 'referred to and tracked the language of the statute on which it was based,' i.e., 18 U.S.C. § 2251(a), 'and provided notice to the defendant[] of the charges to be defended,' and it alleged the time and place of the offenses." Doc. No. [34], 7 (quoting United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010)). Defendant objects, arguing that the R&R did not address the Indictment's (1) lack of compliance with Rule 7(c) of the Federal Rules of Criminal Procedure, which requires that an indictment contain "a written statement of the essential facts constituting the offence charged" and (2) failure to apprise Defendant of the nature of the accusations so that he can protect himself double jeopardy. Doc. No. [37], 2.

2

On Defendant's challenge to the constitutionality of his prosecution under § 2251(a), Judge Fuller determined that Defendant's argument was foreclosed by binding precedent. The R&R noted that relying on its precedential decision in United States v. Smith, 459 F.3d 1276 (11th Cir. 2006), as recently as August 2023, the Eleventh Circuit rejected an argument (akin to Defendant's (see Doc. No. [25], 6)) that a defendant's use of a cellphone manufactured outside of the state was an insufficient nexus to interstate commerce to uphold his conviction under § 2251(a). Doc. No. [34], 9. In his Objection to the R&R, Defendant states that he "understands the reasons for the Magistrate Judge's [R&R] . . . based on the overly-broad use of the Commerce Clause" but "objects to the current interpretation with the hope that the Supreme Court will redirect this misguided ship." Doc. No. [37], 3.

Regarding Defendant's Motion to suppress evidence seized from his residence, Judge Fuller detailed his basis for concluding that the search warrant affidavit set forth probable cause that evidence of a crime would be found on the property to be searched and found that even if the affidavit did not provide probable case the good faith exception to the rule requiring

3

the exclusion of evidence seized through an unconstitutional search applied. Doc. No. [34], 12–15. Moreover, Judge Fuller found that because the search warrant authorized law enforcement to enter and search Defendant's residence even in his absence (which could have required entry and search using force), the warrant was not executed in an unreasonable manner when law enforcement (1) avoided the use of force by entering Defendant's residence (in his absence) with the entry passcode provided by Defendant's neighbor, (2) searched the residence in Defendant's absence, and (3) again avoided the use of force by asking Defendant to provide the passcode and key to the safe. Doc. No. [34], 15–17. Defendant objects to this outcome but fails to specify the error.

## II.   LEGAL STANDARD

The Court must conduct a *de novo* review of those portions of the R&R to which a defendant has timely and specifically objected. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. Id.

For a party's objections to warrant *de novo* review, the party "must clearly advise the district court and pinpoint the specific findings that [the

4

party] disagrees with." <u>United States v. Schultz</u>, 565 F.3d 1353, 1360 (11th Cir. 2009). The "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous . . . objections need not be considered by the district court." <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. <u>See</u> <u>Tauber v. Barnhart</u>, 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006).

## III. ANALYSIS

The Court has reviewed Defendant's Motions, the R&R and Defendant's objections. Having conducted a *de novo* review, the Court concludes that Defendant's objections are due to be overruled.

First, the Court is unpersuaded that the R&R failed to address the Indictment's lack of compliance with Rule 7(c) or that it ignored the argument that the Indictment leaves Defendant vulnerable to double jeopardy by its failure to apprise him with reasonable certainty of the nature of the accusations against him. The R&R acknowledges Rule 7(c)'s requirement that an indictment contain "a plain, concise, and definite

5

written statement of the essential facts constituting the offense charged"
and relies on case law regarding what constitutes a sufficient indictment to
find that the Indictment at issue is legally sufficient.

Defendant maintains that United States v. Hess, 124 U.S. 483 (1888),
requires that the Indictment "must be accompanied with such a statement
of the facts and circumstances as will inform the accused of the specific
offense, coming under the general description, with which he is charged."
Doc. No. 38, 2 (quoting United States v. Hess, 124 U.S. 483, 487 (1888).
However, Hess does not articulate a standard different from the one
(correctly) applied in the R&R. According to the Supreme Court, its "prior
cases indicate that an indictment is sufficient if it, first, contains the elements
of the offense charged and fairly informs a defendant of the charge against
which he must defend, and, second, enables him to plead an acquittal or
conviction in bar of future prosecutions for the same offense." Hamling v.
United States, 418 U.S. 87, 117 (1974) (cleaned up). Moreover, "[i]t is
generally sufficient that an indictment set forth the offense in the words of
the statute itself, as long as those words of themselves fully, directly, and
expressly, without any uncertainty or ambiguity, set forth all the elements

6

necessary to constitute the offence intended to be punished." Id. (cleaned up). This standard is no different than the one the R&R relied on and applied. See Doc. No. [34], 3, 5–7.

The Court agrees with Judge Fuller's determination: the applicable law does not require the Indictment to set out the sexually explicit conduct at issue, nor is it required to allege the visual depiction of the conduct or identify the materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.[1] Rather, the Indictment is sufficient because it refers to and tracks the language of the statute on which it is based and, by providing time and place of the offenses, provides notice to the Defendant of the charges he must defend and to plead double jeopardy if prosecuted again for the same offense. Because, by tracking the statutory language and providing the time and place of the offenses, the Indictment adequately apprises Defendant of the nature of the accusations

---

[1] The Indictment sufficiently notifies Defendant by charging that the "visual depiction at issue was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce." See Doc. No. [1].

7

against him, contrary to Defendant's objection, it also enables Defendant to protect against double jeopardy.

Second, while maintaining his objection to the outcome, Defendant raises no substantive grounds for error in Judge Fuller's determination regarding Defendant's challenge to § 2251(a). The Court agrees with the R&R that binding precedent forecloses Defendant's argument regarding the constitutionality of § 2251(a).

Third, Defendant contends that the Magistrate Judge was "mistaken to sustain the search warrant," because the search warrant did not contain probable cause and was executed in an unreasonable matter, but he fails to explain with any specificity the reason(s) why Judge Fuller was "mistaken" in reaching the opposite conclusion. Doc. No. [37], 3. Having reviewed the facts and the applicable law, the Court agrees with the determination that there was probable cause for the search warrant or, alternatively, that the good faith exception to the exclusionary rule applies, and that it was executed in a reasonable manner.

## IV.   CONCLUSION

For the above-stated reasons, the Court **ADOPTS** the R&R as the Order of this Court. Defendant's Motions to Dismiss (Doc. Nos. [24]; [25]) and Motion to Suppress (Doc. No. [27]) are **DENIED**. Defendant's objections (Doc. No. [37]) are **OVERRULED**.

**IT IS SO ORDERED** this _15th_ day of April, 2024.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE